UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKONYA DEMOLLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-3030** |
| **CHS, INC.** | **SECTION: "B" (4)** |

**REPORT AND RECOMMENDATION**

This case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(A)(B), Federal Rule of Civil Procedure ("Rule") 72(b)(1), and Local Rules 73.1 and 73.2B, for the submission of the Proposed Findings and Recommendations.

I.  **Background**

On December 24, 2012 Demolle filed a Complaint in this Court under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging, *inter alia*, retaliation. (R. Doc. 1).[1] Demolle's particular allegations are irrelevant for purposes of the instant Order, and the Court notes only that at that time, she was represented by counsel.

On December 28, 2012, Demolle was granted leave to proceed in this case *in forma pauperis*. (R. Docs. 3, 6). On May 10, 2013, the Court issued a Show Cause Order which noted that Demolle had filed this matter on December 24, 2012, and that "there is no record of service or appearance by CHS." (R. Doc. 7). The Order required Demolle to show cause on or before May 29, 2013, why CHS "should not be dismissed for [Demolle's] failure to serve within 120 days of filing the complaint as required" under Rule 4(m). *Id.* The Order also cautioned that "failure to comply with this Order may

---

[1]This case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(A)(B), Federal Rule of Civil Procedure ("Rule") 72(b)(1), and Local Rules 73.1 and 73.2C.

result in dismissal without further notice." *Id.*

On May 29, 2013, Demolle filed a instant response. Therein, she did not explicitly request any extension of deadlines. Instead, she stated that her counsel "attempted Notice and Waiver" on CHS by facsimile on May 10, 2013. However, CHS' counsel stated that "service has not occurred nor has a compliance request for waiver of service been made under [Rule] 4. Accordingly, you may make service either by serving my client's registered agent . . . or you may ask my client to waive service by complying with [Rule] 4(d)." (R. Doc. 8-1, p. 1). Demolle's counsel followed up by stating that "[w]hile you recite that it is the plaintiff's obligation to comply with Rule 4, once an objection is made, it is usually accompanied with an explanation. Failing that, I am likely to repeat the objectionable mistake. If I cannot get what I regard as reasonable cooperation from you and have to effect service, I will move for costs." (R. Doc. 8-1, p. 3).

Demolle argued in her Response that she could not "incur the cost of service on defendant." (R. Doc. 8, p. 1). For this reason, she argued that she "will again attempt Notice and Waiver, albeit subject to making the same mistake as before," unless the Court orders otherwise. *See id.*

On June 20, 2013 the Court issued an Order (R. Doc. 9), granting Demolle an extension of no more than forty-file (45) days in which to properly serve her Summons and Complaint on CHS. (R. Doc. 9, p. 6). This period expired on Monday, August 5, 2013.[2] As of the date of this Report and Recommendation, no Summons has been returned executed, nor is there any evidence that a waiver of service has been filed.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 4(m) states that "[i]f a defendant is not served within

---

[2]Although the period actually expired on Sunday, August 4, 2013, the Court allocates an additional day in order to make Demolle's deadline fall on a business day. The one-day difference is immaterial for present purposes.

120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(c) further provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." *Id.*

Rule 4(h), which pertains to service upon corporations,[3] allows a corporation to be served either "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." *Id.*

Further, Rule 4(d) imposes a duty upon an individual corporation to "avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* To do so, the request must:

> (A) be in writing and be addressed:
> . . .
> > (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complain was filed;
> (C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means of returning the form;
> (D) inform the defendant, using text prescribed in Form 5,[4] of the consequences of waiting and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent - or at least 60 days if sent to the defendant outside any judicial district of the United States - to return the waiver; and

---

[3] Rule 4(h) pertains to service of corporations, partnerships, or associations. Although Demolle's Complaint fails to indicate what entity CHS actually is, from CHS' name, it is reasonable to conclude the CHS is a corporation.

[4] Form 5 is available from the United States Courts' website: http://www.uscourts.gov/RulesAndPolicies/FederalRulemaking/RulesAndForms/IllustrativeCivilRulesForms.aspx (last visited June 18, 2013).

3

>        (G) be sent by first-class mail or other reliable means.

Rule 4(d).

### III. Analysis

Here, Demolle filed her Complaint on December 28, 2012, and was required to serve CHS with a copy of the Summons and Complaint no later than April 27, 2013 pursuant to Rule 4(m). After the expiration of this deadline, on May 10, 2013, the Court ordered Demolle to show cause why CHS should not be dismissed due to her failure to timely serve that party. After Demolle filed her Response, the Court provided Demolle until August 5, 2013 to serve CHS.

In Demolle's prior Response to the Order to Show Cause, she admitted that no service has been made, but only that she "attempted Notice and Waiver" on May 10, 2013. (R. Doc. 8, p. 1). According to Demolle, her counsel sent this "waiver" to CHS' counsel. *Id.* The Court noted in its Order granting Demolle an extension of time that "[t]here is no indication that CHS' counsel is an 'officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process' for purposes of complying with Rule 4(h)." (R. Doc. 9, p. 4). Even assuming *arguendo* at this was the case, the Court also noted that since Demolle had failed to include a copy of the "Notice and Waiver" which she claims to have sent to CHS, there was no way of addressing the reasonableness of Demolle's attempt to comply with her service requirements.

Even assuming such compliance, the fact that the waiver was sent by facsimile contravenes the reasonable construction of Rule 4(d), which requires that a waiver include "*a prepaid means of returning the form.*" Rule 4(d)(C) (emphasis added). It is not clear to the Court how Demolle's facsimile transmission could have possibly included a "prepaid means" to return the form, unless facsimile transmissions were simply not contemplated by the Rule. Unsurprisingly, courts in other jurisdictions have noted that Rule 4(d) requests sent by facsimile were inappropriate. *See, e.g.*,

4

*D'Orange v. Feely*, 101 F.3d 1393, 1996 WL 446254, at *2 (2d Cir. Aug. 8, 1996) (Table, text in Westlaw); *Edwards-Conrad v. Southern Baptist Hospital of Florida, Inc.*, 2013 WL 2109301, at *1-*2 (M.D. Fla. May 15, 2013) (same).

In her Response, Demolle's counsel also referred to CHS' response to the attempted facsimile service as "cryptic." (R. Doc. 8, p. 1). The Court disagreed at the time it issued its Order permitting Demolle more time to serve CHS, and it disagrees now. The letter which CHS' counsel wrote explicitly states that Demolle may serve CHS by "serving my client's registered agent," or instead asking CHS "to waive service by complying with [Rule 4(d)]." (R. Doc. 8-1, p. 1). There is nothing "cryptic" about this response.

Moreover, under Local Rule 83.2.7, "[e]veryone who appears in court in proper person and every attorney permitted to practice in this court must be familiar with these rules." Local Rule 83.2.7. Courts elsewhere have registered skepticism regarding a party's "confusion" regarding compliance with Rule 4(d) waiver provisions. *See, e.g.*, *D'Orange*, 1996 WL 446254, at *2 (noting that "intervening personal service" can cure the defect in a waiver request previously sent by facsimile, notwithstanding any "confusion" between the two transmissions); *Edwards-Conrad*, 2013 WL 2109301, at *2 ("District Courts in the Eleventh Circuit have held that plaintiffs must comply with the requirements of Rule 4 regarding service and waiver, and compliance cannot be excused even where a plaintiff is proceeding *pro se*.").[5]

Here, Demolle was originally obligated to serve CHS no later than April 27, 2013. On May 10, 2013, the Court Ordered Demolle to show cause why her Complaint should not be dismissed; subsequently, on June 20, 2013, it ordered Demolle to properly serve CHS no later than August 5,

---

[5] Indeed, other courts have found that *pro se* complaints could be dismissed under Rule 4(m) where service was initially attempted by facsimile, and not subsequently made within one hundred and twenty days after filing the Complaint. *Lasson v. Brannon & Associates*, 2008 WL 471537, at *1-*2 (S.D. Ohio Feb. 15, 2008).

2013.  Over four weeks have passed since August 5, 2013, and still there is no evidence that Demolle has properly served CHS in accordance with the Court's Order.  As such, Demolle's claims against CHS should now be dismissed without prejudice for failing to properly serve CHS.

## IV.     Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff, Lakonya Demolle's, ("Demolle") claims against Defendant, CHS, Inc., ("CHS") be **DISMISSED WITHOUT PREJUDICE** for failing to comply with Federal Rule of Civil Procedure ("Rule") 4(m) or the Order issued by the United States Magistrate Judge on June 20, 2013.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 6th day of September 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.