UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAKONYA DEMOLLE                           CIVIL ACTION

VERSUS                                    NO.: 12-3030

CHS, INC.                                 SECTION "B"(4)

## ORDER AND REASONS

Before the Court is Plaintiff Lakonya Demolle's Objections (Rec. Doc. No. 13) to Magistrate Judge Karen Wells Roby's Report and Recommendation (Rec. Doc. No. 12), recommending dismissal without prejudice of Plaintiff's complaint. Plaintiff's claims were filed under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; however, the instant review arises out of her failure to properly serve the Defendant. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 12) be **AFFIRMED** and that Petitioner's application for relief under 42 U.S.C. § 2000e *et seq*. be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m) and the Order issued by the Magistrate Judge on June 20, 2013.[1]

## FACTS AND PROCEDURAL HISTORY

On December 24, 2012, Plaintiff, Lakonya Demolle, filed a complaint in forma pauperis under the Civil Rights Act of 1964, 42

---

[1]We are grateful for the work on this case by Brittany A. Smith, a Tulane University Law School extern with our Chambers.

U.S.C. § 2000e *et seq.* against CHS, Inc. ("CHS"). (Rec. Doc. No. 1). On March 10, 2013, the Court issued a Show Cause Order, which noted that there had been "no record of service or appearance by CHS, Inc." (Rec. Doc. No. 7 at 1). The order required that Plaintiff show cause on or before May 29, 2013 why the Defendant "should not be dismissed for the Plaintiff's failure to serve within 120 days of filing the complaint." *Id.* On May 29, 2013, Plaintiff responded that her counsel "'attempted Notice and Waiver' on CHS by facsimile on May 10, 2013." (Rec. Doc. No. 8 at 1; Rec. Doc. No. 12 at 2).

Shortly thereafter, on June 20, 2013, the Court granted Plaintiff a 45-day extension to properly serve CHS. (Rec. Doc. No. 9 at 6). This period expired on August 5, 2013.[2] On August 22, 2013, Plaintiff's counsel filed a motion to extend the time in which to comply with the court order issued on June 20. (Rec. Doc. No. 10 at 1). This motion was denied. (Rec. Doc. No. 11 at 2). Subsequently, the Magistrate Judge recommended dismissal. (Rec. Doc. No. 12 at 6). Plaintiff objected to the Magistrate Judge's Report and Recommendation timely and requests that the Court remand this case for further findings. (Rec. Doc. No. 13).

---

[2]Because the period expired on Sunday, August 4, 2013, the Court allocated an additional day in order to make Plaintiff's deadline fall on a business day. The one-day difference is immaterial for the purpose of the Magistrate's Order.

## LAW AND ANALYSIS

### I. Review of Magistrate's Report and Recommendation

Upon timely objection to a magistrate judge's findings and recommendation, the reviewing district court must make a *de novo* determination of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1)(C). The court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Id.* Here, because Plaintiff timely objects to the Magistrate Judge's recommendation, the Court reviews the matter de novo.

### II. Standard for Dismissal of a Claim

When a defendant is not served within 120 days after the complaint is filed, the court must either (1) dismiss the action without prejudice or (2) order that service be rendered within a specified time. Fed. R. Civ. P. 4(m). If the delay constitutes failure to comply with a court order or failure to prosecute, the court may dismiss with prejudice under Rule 41(b). Fed. R. Civ. P. 41(b).

### III. Service of Process

The Court must determine first whether the facsimile that was transmitted to Defendant's counsel complies with Plaintiff's service requirements. Under Rule 4(m), the plaintiff must serve the defendant within 120 days after the complaint is filed unless the court grants an extension of time. Fed. R. Civ. P. 4(m). The "plaintiff is responsible for having the summons and complaint

3

served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Furthermore, when serving a corporation, the plaintiff may serve the defendant either "[(1)] in the manner prescribed by Rule 4(e)(1) for serving an individual or [(2)] by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Additionally, Rule 4(d) imposes a duty upon a defendant-corporation to "avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). This allows the plaintiff to notify the defendant that an "action has been commenced and request that the defendant waive service of a summons." *Id.* Per Rule 4(d), the notice and request must meet certain requirements, including, but not limited to, an accompanied "prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C).

Here, Plaintiff filed her complaint on December 24, 2012. (Rec. Doc. No. 1). Pursuant to Rule 4(m), she was required to serve CHS with a copy of the Summons and Complaint no later than April 27, 2013. Plaintiff failed to serve Defendant within this period and was ordered by the Court on May 10, 2013 to show cause as to why CHS should not be dismissed as a result of her failure. (Rec. Doc. No. 7). In response to the Court's Show Cause Order, Plaintiff admitted that she had not served Defendant but indicated that her counsel "attempted Notice and Waiver" by facsimile to Defendant's

counsel on May 20, 2013. (Rec. Doc. No. 8 at 1).

After Plaintiff filed this response, the Court granted her until August 5, 2013 to properly serve CHS. (Rec. Doc. No. 9 at 6). The Court noted within its Order granting the 45-day extension that Plaintiff's counsel did not indicate whether the facsimile was transmitted to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" in accordance with Rule 4(h). *Id.* at 4. The Court also noted that because Plaintiff failed to include a copy of the "Notice and Waiver" in her response, the Court could not assess the reasonableness of her attempt to comply with the waiver requirements set forth in Rule 4(d). *Id.*

Provided there was compliance, transmission of "Notice and Waiver" in the form of a facsimile is not in compliance with Rule 4(d), which requires that a waiver include "a prepaid means of returning the form." Fed. R. Civ. P. 4(d)(1)(C). The facsimile transmission here does not demonstrate that there is a prepaid means of returning the waiver form. Other jurisdictions have noted similarly that transmission of a facsimile as a Rule 4(d) request is improper. *See*, *e.g.*, *D'Orange v. Feely*, 101 F.3d 1393, 1996 WL 446254, at *2 (2d Cir. Aug 8, 1996) (unpublished) (Table, text in Westlaw); *Edwards-Conrad v. Southern Baptist Hospital of Florida, Inc.*, 2013 WL 2109301, at *1-*2 (M.D. Fla. May 15, 2013)(same).

**IV. Good Cause Review**

The Court may consider whether there is good cause sufficient to warrant an additional extension of time to comply with the service requirements. Rule 4(m) states that "if the plaintiff shows good cause for the failure [to properly serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "'Half-hearted' efforts by counsel to effect service of process prior to the deadline" do not necessarily constitute "excusable neglect." *See Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987); Fed. R. Civ. P. 6(b)(1)(B). Furthermore, "mere inadvertence" of counsel is no excuse for delay. *Wei v. State of Hawaii, Inc.*, 763 F.2d 370, 372 (9th Cir. 1985).

Here, Plaintiff's counsel made the first and only attempt to notify Defendant and request a waiver of service on May 20, 2013, twenty-two days after the original period for service expired. (Rec. Doc. No. 8 at 1). Following this, Plaintiff's counsel received instruction from the Magistrate Judge on how to perfect service (Rec. Doc. No. 9 at 4-6); yet Plaintiff's counsel failed to rectify this deficiency despite the 45-day extension that was granted. Thus, on August 26, 2013, the Magistrate Judge denied a motion for an additional extension of time to comply with service of process requirements, which was filed eighteen days (August 23) after the second extension expired (August 5). (Rec. Doc. No. 11).

Mr. Wilson's three-day absence (July 20-22) due to a family

6

emergency does not constitute excusable neglect that would warrant an extension of time. (Rec. Doc. No. 10-1). At a minimum, Mr. Wilson had 42 days within the 45-day extension period to properly serve the Defendant. Furthermore, Mr. Wilson's "near drowning experience" (August 11) does not constitute excusable neglect sufficient for an extension of time because it occurred six days after the second extension's expiration (August 5). (Rec. Doc. No. 10-1). Thus, the incident did not inhibit Mr. Wilson's ability to properly serve the Defendant within the time granted by the Court.

**V. Attorney's Duty**

The Court may consider an attorney's duty to (1) know the service requirements as set forth in Rule 4 and (2) know the status of his cases. Under Local Rule 83.2.7, "[e]veryone who appears in court in proper person and every attorney permitted to practice in this court must be familiar with these rules." E.D. La. R. 83.2.7. Furthermore, under Local Rule 83.2.8, "[a]ll counsel of record must be familiar with the substance of all documents and court orders filed in the case and any consolidated cases." E.D. La. R. 83.2.8.

Courts approach situations of "confusion" concerning Rule 4(d) waiver provisions with skepticism. *See*, *e.g.*, *D'Orange v. Feely*, 101 F.3d 1393, 1996 WL 446254, at *2 (2d Cir. Aug 8, 1996) (noting that a defect in a waiver request sent by facsimile can be cured by "intervening personal service" notwithstanding any "confusion" between the two transmissions); *Edwards-Conrad v. Southern Baptist*

7

*Hospital of Florida, Inc.*, 2013 WL 2109301, at *1-*2 (M.D. Fla. May 15, 2013)(noting that district courts in the Eleventh Circuit have held that plaintiffs must comply with Rule 4 and that noncompliance will not be excused even for a pro se plaintiff). Here, Plaintiff's counsel should be familiar with the Rule 4(d) waiver provisions. *Id*. Yet even after instruction on sending proper "Notice and Waiver"(Rec. Doc. No. 9 at 4-6), he took no action to remedy the defect.

Additionally, courts require attorneys to have knowledge of the cases in which they have appeared. *See*, *e.g. Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)(holding that failure to receive electronic notice of filing of motion to dismiss did not excuse failure to respond); *Edward H. Bohlin Co., Inc. V. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (finding that "a party has a duty of diligence to inquire about the status of a case" where plaintiffs allegedly misconstrued judge's statements and failed to respond to dismissal motion within 20 days pursuant to local rules). Here, Plaintiff's counsel maintains that he never saw the court order that was issued on June 20. (Rec. Doc. No. 13-1). To substantiate this claim, Best Tech Computer Service reviewed Mr. Wilson's computer and subsequently declared that Plaintiff's counsel did not receive nor delete the order while noting that they were unable to search his server because it does not store records beyond 14 days. (Rec. Doc. No. 13-2). However, even assuming that

occurred, Plaintiff's counsel was responsible for regularly checking the docket of this case and should have been aware of the order. *See*, *e.g. Fox v. American Airlines, Inc.*, 389 F.3d at 1294; *Edward H. Bohlin Co., Inc. V. Banning Co., Inc.*, 6 F.3d at 357.

Over eight months passed between the time in which the Plaintiff initiated this action and the Magistrate Judge issued her Report and Recommendation; and Plaintiff still failed to serve the Defendant with sufficient process or otherwise to show convincing good cause for the failure to perfect sufficient service. *Compare Galvan v. Bonner*, No. B-04-104, 2005 WL 1774102 (S.D. TX 2005)(finding that Plaintiffs did not make a diligent effort to serve Defendants as evidenced by their failure to serve the United States Attorney or the Attorney General, failure to perfect defects in service after receiving instruction on proper procedures, and failure to respond to Defendant's Motion to Dismiss within six months), *with Wright v. Potter*, 350 Fed. App'x. 898 (5th Cir. 2009)(dismissing the Plaintiff's appeal because she failed to challenge the district court's dismissal for failure to perfect service, which was ordered after the Plaintiff failed to properly serve the Defendant during a 15-day extension).

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 12) be **AFFIRMED** and that Petitioner's application for relief under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* be

**DISMISSED WITHOUT PREJUDICE** for failure to comply with Federal Rule of Civil Procedure 4(m) and the Order issued by the Magistrate Judge on June 20, 2013.

New Orleans, Louisiana, this 11th day of June, 2014.

UNITED STATES DISTRICT JUDGE